KRISTINA L. HILLMAN, Bar No. 7752
KERIANNE R. STEELE, Bar No. 10995
LAW OFFICES OF KRISTINA L. HILLMAN
  Affiliated with Weinberg, Roger & Rosenfeld
  A Professional Corporation
1594 Mono Avenue
P.O. Box 1987
Minden, Nevada 89423
Telephone (775) 770-4832
Fax (775) 782-6932
E-Mail: khillman@unioncounsel.net
       ksteele@unioncounsel.net

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL 872, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. STEVENS, III,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |
|---|---|

1.  At all times mentioned Plaintiff Laborers' International Union of North America, Local 872, AFL-CIO ("Local 872") was and is an unincorporated association and labor organization within the meaning of 29 U.S.C. § 402(i) located in Las Vegas, Nevada.

2.  At all times mentioned Defendant John E. Stevens III ("Stevens") was and is now a resident of Las Vegas, Nevada.

3.  At all times mentioned Stevens was employed by Local 872 as a field agent. As a field agent, Local 872 provided Stevens with a credit card and a vehicle to be used to carry out and complete the day-to-day duties of a field agent.

4.  Jurisdiction of this Court is proper under 28 U.S.C. § 1331 in that the action arises under the laws of the United States.

5.  On or around December 15, 2014, Local 872 discovered that Stevens was using the vehicle provided by Local 872 to drive out of State to purchase lottery tickets. Local 872 is

informed and believes and on that basis alleges that Stevens made the approximately 90-mile round-trip during his normal working hours rather than attending to his duties as a field agent.

6. Local 872 is further informed and believes and on that basis alleges that in 2014, Stevens made at least 10 trips out of State, thereby incurring unnecessary wear and tear on the vehicle and vehicle related expenses.

## FIRST CLAIM FOR RELIEF—BREACH OF FIDUCIARY DUTY
## (29 U.S.C. § 501(a))

7. Plaintiff refers to paragraphs 1 through 6, and by such reference incorporates them herein as though fully set forth.

8. Under 29 U.S.C. § 501(a), as an employee of Local 872, Stevens occupied a position of trust in relation to the Union and its members.

9. Under 29 U.S.C. § 501(a), as an employee of Local 872, Stevens was obligated to hold the property and funds of the Union solely for the benefit of the organization and its members.

10. Under 29 U.S.C. § 501(a), as an employee of Local 872, Stevens had a duty to refrain from acting in a manner adverse to the interests of the Union and its members in undertaking his duties.

11. Stevens breached the duties imposed under 29 U.S.C. § 501(a) by using the property and funds of Local 872 for his own purposes, i.e., to drive out of State to purchase lottery tickets during work hours, and by failing to perform the duties of a field agent and protect the interests of the Union and its members.

12. As a direct consequence of Stevens' breach of 29 U.S.C. § 501(a), Local 872 has incurred damages in an amount to be ascertained, which include, but are not limited to salary and fringe benefit payments made for times when Stevens was not performing any work related activities; work related expenses paid to Stevens when he was not performing any work related activities; unnecessary wear and tear on the company vehicle; and unnecessary credit card expenses for gasoline and vehicle repairs, according to proof.

13. As a direct consequence of the breach 29 U.S.C. § 501(a), Local 872 has been

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT
Case No.

forced to incur legal fees and expenses for which it should be compensated.

14. As a result of the unlawful and willful activity by Stevens, Local 872 is entitled to a penalty of $10,000.00 under 29 U.S.C. § 501(c).

## SECOND CLAIM FOR RELIEF--EMBEZZLEMENT

15. Plaintiff refers to paragraphs 1 through 14, inclusive, and by such reference incorporates them herein as though fully set forth.

16. Local 872 is informed and believes and on that basis alleges that during his employment, Stevens made at least 10 round trips from Las Vegas out of State instead of performing the work expected of him. Nevertheless, Stevens reported that he was working during this time, and was therefore paid the salary and fringe benefits due him and work related expenses. By his actions, Stevens embezzled and diverted funds rightfully belonging to Local 872 and its members for his own use and purposes, in violation of NRS 205.300.

17. As a result of the embezzlement, Local 872 has incurred damages in an amount to be ascertained, which include, but are not limited to salary and fringe benefit payments made for times when Stevens was not performing any work related activities; work related expenses paid to Stevens when he was not performing any work related activities, unnecessary wear and tear on the company vehicle; and unnecessary credit card expenses for gasoline and vehicle repairs, according to proof.

18. As a direct consequence of the embezzlement, Local 872 has been forced to incur legal fees and expenses for which it should be compensated.

19. As a result of the willful, malicious, and/or unreasonably reckless nature of the embezzlement by Stevens, Local 872 is entitled to punitive damages in excess of $10,000.00.

## PRAYER FOR RELIEF

Wherefore, Local 872 prays for relief as follows:

1. Damages, including, but not limited to salary and fringe benefit payments made for times when Stevens was not performing any work related activities; work related expenses paid to Stevens when he was not performing any work related activities, unnecessary wear and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT
Case No.

tear on the company vehicle; and unnecessary credit card expenses for gasoline and vehicle repairs, according to proof;

    2. A penalty of $10,000.00 under 29 U.S.C. 501(c);

    3. Punitive damages in an amount to be determined at trial;

    4. Reasonable attorney fees and costs according to proof; and

    5. Such other and further relief as the Court deems just and proper.

Dated: March 20, 2015

LAW OFFICES OF KRISTINA L. HILLMAN
Affiliated with Weinberg, Roger & Rosenfeld
A Professional Corporation

Respectfully Submitted:

By: Kristina L. Hillman
Kerianne R. Steele
Attorneys for Plaintiff LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872, AFL-CIO

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

138306\799960

---

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT
Case No.