# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL 872, AFL-CIO, | Case No.: 2:15-cv-00513-GMN-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| JOHN E. STEVENS, III, | |
| Defendant. | |

Before the Court is the Third Party Complaint and Counterclaim, (ECF No. 9), filed by Counter Plaintiff John Stevens ("Stevens"). For the reasons set forth herein, the Court hereby dismisses Stevens' Third Party Complaint and Counterclaim without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

On March 20, 2015, Plaintiff Laborers' International Union of North America Local 872, AFL-CIO ("Local 872") filed its Complaint against Stevens, asserting claims of breach of fiduciary duty under 29 U.S.C. § 501 and embezzlement. (Compl. ¶¶ 7–19, ECF No. 1). Local 872 alleges the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* ¶ 4).

On April 24, 2015, Stevens filed a Third Party Complaint and Counterclaim against Local 872 and two supervisory employees, alleging multiple Nevada state law tort claims against the parties. (Counter Compl., ECF No. 9). These claims include: (1) Assault; (2) Battery; (3) False Imprisonment; and (4) Negligence. (*Id.*). Stevens alleges the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. (*Id.* ¶¶ 13, 71).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994). Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653–54 (9th Cir. 2002). As a general rule, "[t]he defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see also Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (noting the court's obligation to determine sua sponte whether it has subject matter jurisdiction).

## III. DISCUSSION

At issue here is whether the Court has supplemental jurisdiction over Stevens' state law tort claims based on Local 872's federal breach of fiduciary duty claim. A district court has jurisdiction to adjudicate a pendent state law claim if there is a federal claim so related to it that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). "[A] plaintiff's claims [must also be] such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Stevens' state law tort claims do not arise out of a common nucleus of operative facts with Local 872's breach of fiduciary duty claim. Local 872's breach of fiduciary duty claim concerns a number of alleged wrongful acts that occurred throughout the course of Stevens' employment at Local 872. (*See* Compl. ¶ 11) ("Stevens breached [his duties] by using property and funds of Local 872 for his own purposes, i.e., to drive out of State to purchase lottery tickets during work hours, and by failing to perform the duties of a field agent and protect the interests of the Union and its members."). In contrast, Stevens' state law tort claims arise out of an isolated confrontation between Stevens and two supervisors. (*See* Counter

Compl. ¶ 15).  This confrontation occurred shortly after Stevens' employment had terminated. (*See* Stevens Dep. 130:9–18, Ex. 1 to Hillman Decl., ECF No. 48).

The state and federal causes of action are therefore based upon completely different sets of facts.  While Stevens' state claims focus on an isolated post-termination confrontation between him and two other employees, the federal claim focuses on a series of unrelated actions by Stevens that occurred throughout the course of his employment.  There exists no evidentiary overlap whatsoever between these claims.  As these claims do not arise from the same case or controversy, the Court lacks supplemental jurisdiction to hear Stevens' state law tort claims.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Stevens' Third Party Complaint and Counterclaim is **DISMISSED without prejudice** for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment, (ECF Nos. 47, 50), are **DENIED as moot**.

**DATED** this \_\_25\_\_ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] The Court notes that because jurisdiction does not exist under § 1367(a), the discretionary considerations of § 1367(c) do not apply.